UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JONAH LONG,<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO, INC.,<br><br>Defendant. | Case No. |

## NOTICE OF REMOVAL

Please take notice that Defendant, PepsiCo, Inc. ("Defendant"), by its undersigned counsel, removes this action from the Marion County Superior Court, State of Indiana, to the United States District Court for the Southern District of Indiana, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. Defendant removes on the grounds of federal question jurisdiction, supplemental jurisdiction, and diversity jurisdiction.

## THE STATE COURT ACTION

1.      Plaintiff, Jonah Long ("Plaintiff"), commenced a civil action in the Marion County Superior Court, by filing a Complaint against Defendant on or about November 20, 2025, styled Jonah Long v. PepsiCo, Inc., Cause No.  49D04-2511-CC-055101.

2.      On February 3, 2026, Defendant's counsel accepted service of Plaintiff's Complaint.

3.      A true and accurate copy of Plaintiff's Complaint is attached as Exhibit 1. Consistent with Local Rule 81-2, a copy of the State Court Record is attached as Exhibit 2.

**TIMELINESS**

4.        This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days of February 3, 2026, the date on which Defendant accepted service of the Complaint, and within one year of the commencement of this action. Pursuant to 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant" to file this Notice.

5.        Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). Defendant will promptly file a copy of this Notice with the Marion County Superior Court, as required by 28 U.S.C. § 1446(d).

**NATURE OF THE CLAIMS**

6.        Plaintiff asserts three claims against Defendant:  (1) violation of the Family Medical Leave Act, 29 U.S.C. § 2915; (2) retaliatory discharge/bad faith termination in violation of Indiana common law; and (3) failure to pay earned wages and benefits in violation of Ind. Code Ann. § 22-2-5-1.

7.        Based on these claims, Plaintiff alleges Defendant owes Plaintiff significant damages, including the following:  compensatory damages for lost wages, lost benefits, and emotional distress; reinstatement or front pay; payment for all unpaid accrued vacation, sick, and floating holiday days; liquidated damages as authorized by statute; punitive damages; and attorneys' fees, costs, and "all other just relief."

8.        Plaintiff is not represented by counsel but has made an initial demand of $85,000. A true and accurate copy of Plaintiff's initial demand is attached as Exhibit 3.

## VENUE REQUIREMENT IS MET

9.　　　"[A]ny civil action brought in a State court which the district courts of the United States have original jurisdiction, may be removed by the defendant or the Defendant, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 144l(a).

10.　　　Removal of this action to this venue is proper under 28 U.S.C. § 144l(a) because this Southern District of Indiana encompasses the Superior Court for Marion County, Indiana, where the Complaint was filed.

## FEDERAL QUESTION JURISDICTION EXISTS

11.　　　Under 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims because Plaintiff asserts a federal question.

12.　　　Generally, the basis for federal question jurisdiction must be apparent from the face of a plaintiff's well-pleaded complaint. *See Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 799 (7th Cir. 2013).

13.　　　In Plaintiff's Complaint, Plaintiff alleges a violation of federal legislation, the Family Medical Leave Act, 29 U.S.C. § 2601.

14.　　　Thus, as Plaintiff included a federal claim in his Complaint and seeks a remedy solely allowed under federal law, a federal question exists to permit original jurisdiction over Plaintiff's claims.

## SUPPLEMENTAL JURISDICTION EXISTS

15.　　　The Court also has supplemental jurisdiction over Plaintiff's related state law claims of retaliatory discharge and failure to pay earned wages and benefits relating to Plaintiff's alleged termination. 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have

original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.").

## DIVERSITY JURISDICTION EXISTS

16.     In addition to federal question and supplemental jurisdiction, this Court has original jurisdiction over Plaintiff's claims because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

**A.     Complete diversity exists between Plaintiff and Defendant.**

17.     Pursuant to the Complaint, Plaintiff resides at 5258 Traditions Drive, Indianapolis, Indiana 46235. Plaintiff, therefore, is a citizen of the State of Indiana.

18.     The citizenship of a corporation for diversity purposes is determined by both the state where the corporation is incorporated and the state where the corporation maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(l); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981).

19.     Defendant is a corporation incorporated in North Carolina, with its principal place of business in New York, and registered as a foreign-for-profit corporation in the State of Indiana. A true and accurate copy of Defendant's Business Information from the Indiana Secretary of State is attached as Exhibit 4.

20.     Thus, Defendant is a citizen of North Carolina and New York.

21.     Because Plaintiff is a citizen of Indiana and Defendant is a citizen of North Carolina and New York, complete diversity of citizenship exists.

**B.    The amount in controversy is satisfied.**

22.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 514 U.S. 81, 89 (2014). Defendant's allegation that the amount in controversy is a "prediction"—"not a fact." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). The amount in controversy properly includes both an award of fees and costs. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511–12 (7th Cir. 2006).

23.    The amount in controversy in this matter exceeds $75,000, exclusive of interests and costs, based on Plaintiff's allegations, prayer for relief, and demand.

24.    In Plaintiff's Complaint, Plaintiff does not allege the amount in controversy.

25.    Plaintiff, however, seeks compensatory damages for lost wages, lost benefits, and emotional distress; reinstatement or front pay; payment for all unpaid accrued vacation, sick, and floating holiday days; liquidated damages; punitive damages; and attorneys' fees and costs.

26.    Plaintiff also has demanded $85,000.

27.    Therefore, based upon the face of Plaintiff's Complaint, as well as Plaintiff's initial demand in this case, the amount in controversy exceeds $75,000.

## NONWAIVER OF DEFENSES

28.    By removing this action from Marion County Superior Court, Defendant does not waive any defenses available to them.

29.    Nor does Defendant admit any of the allegations in Plaintiff's Complaint.

## CONCLUSION

30.      Accordingly, this action is removable pursuant to 28 U.S.C. § 1331 on the basis of federal question jurisdiction, 28 U.S.C. § 1367 on the basis of supplemental jurisdiction, and 28 U.S.C. § 1332 on the basis of diversity of citizenship.

31.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing to the Clerk of the Superior Court for Marion County, Indiana, and is being served upon Plaintiff.

32.      In accordance with Federal Rule of Civil Procedure 7.1 and Local Rule 7.02, respectively, Defendant concurrently shall file their Business Entity Disclosure Statement and Certification of Interested Parties.

33.      If this Court has any questions regarding the propriety of this Notice of Removal, Defendant respectfully requests that it issue an Order to Show Cause, so that Defendant may have an opportunity to address such questions.

WHEREFORE, Defendant, PepsiCo, Inc., pursuant to 28 U.S.C. § 1442 and in compliance with the requirements set forth in 28 U.S.C. § 1446(b), respectfully requests that this matter be removed to the United States District Court for the Southern District of Indiana, and request this Court assume full jurisdiction over this action as provided by law.

Respectfully submitted,

/s/Kevin Roberts
Kevin Roberts (33822-49)
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:(317) 261-7956
Facsimile: (317) 231-7433
Email:  kevin.roberts@btlaw.com

Attorney for Defendant, PepsiCo, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, a true and correct copy of the foregoing was filed

electronically with the Court and served on *pro se* party of record via U.S. Regular Mail:

Jonah Long
5258 Traditions Dr
Indianapolis IN 46235

/s/Kevin Roberts
Kevin Roberts

50428057

7